

Peter McCarthy
Email: petemcc77@gmail.com
2775 Yearling Pl
Oxnard, CA 93036
Phone: (661) 312-3497

*Plaintiff in Pro Per*

**PAID**

JUN 13 2025

CLERK, U.S. DISTRICT COURT
COURT 4612

FILED

2025 JUN 13 AM 9:48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

Peter McCarthy

      Plaintiff,

    vs.

Aqualung Group, a.k.a. Aqualung
Corporate SAS, a.k.a. Aqualung
Corporate, a.k.a. Aqualung,

      Defendant.

Case No.: 2:25-cv-05371-MRA(BFMx)

**COMPLAINT FOR PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

## JURISDICTION AND VENUE

1. This action for patent infringement arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271. This Court has original and exclusive subject matter jurisdiction over the claims under 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391, including §§ 1391(b)(2), 1391(b)(3), and 1391(c)(3).

3. On information and belief, this Court has personal jurisdiction and specific jurisdiction over Defendant pursuant to California's long-arm statute Cal. Civ. Proc. Code § 410.10, and for reasons and facts asserted hereunder, including

1

COMPLAINT FOR PATENT INFRINGEMENT

1    but not limited to, that Defendant has engaged in purposeful and contemplated

2    placement of infringing Dry Snorkel products into the stream of commerce

3    through an established distribution channel, fully owned and controlled by

4    Defendant, into the Unities States with expectation that such products would be

5    purchased by consumers in California and in this District, wherein this patent

6    infringement action arises out of these activities, and the exercise of such

7    personal and specific jurisdiction is reasonable and does not offend traditional

8    notions of fair play and substantial justice.

## COMPLAINT FOR PATENT INFRINGEMENT

10    4. Plaintiff Peter McCarthy (hereafter, "Plaintiff" or "McCarthy") brings this

11    action for patent infringement against Defendant Aqualung Group, also known

12    as ("a.k.a.") Aqualung Corporate SAS, a.k.a. Aqualung Corporate, a.k.a.

13    Aqualung (hereafter, "Defendant" or "Aqualung Group" or "Aqualung"), and

14    alleges as follows:

## PARTIES

16    5. Plaintiff is an individual located at 2775 Yearling Pl., Oxnard, CA 93036.

17    6. Aqualung is a foreign corporation with its principal headquarter offices located

18    at 300 rue du Vallon Les Vaisseaux - Bâtiment C, 06560 Valbonne - Sophia

19    Antipolis, France.

## NATURE OF ACTION

21    7. This is a patent infringement action arising from Aqualung's infringement of

22    Plaintiff's patent by its placement of infringing Dry Snorkels into the stream of

23    commerce through its established distribution channel, and its continued

24    infringement despite notice of infringement of Plaintiff's patent.

## FACTUAL BACKGROUND

26    8. Plaintiff is the owner of the entire right, title, and interest in and to U.S. Patent

27    No. 8,297,276 B2 (the "'276 Patent"), which was duly issued by the United

28    States Patent and Trademark Office on October 30, 2012.  A copy of the '276

1   Patent is attached hereto as <u>Exhibit 1</u>.

2   9. On information and belief, Aqualung is a foreign corporation with headquarters

3   in France, and is well-known as the world's largest dive equipment

4   manufacturer and distributor, which designs, manufacturers, imports, sells, and

5   distributes its own branded products under the "Aqualung" brand name,

6   including Dry Snorkels, which have an air receiving end spaced away from the

7   mouthpiece that automatically closes to prevent entry of water when submerged

8   underwater and which automatically reopens when the air receiving end is

9   raised above the surface of the water ("Dry Snorkels"), through its wholly

10  owned and controlled distribution channels, including through its own regional

11  offices and its own employees in the United States, with purposeful and

12  contemplated placement into the stream of commerce into the United States,

13  into California and into this District, as part of Aqualung's regular course of

14  business, and with the expectation by Aqualung that such products would be

15  purchased by consumers throughout the United States, in California, and in this

16  District.

17  10. On December 20, 1990, Aqualung's own distribution regional office Aqua-

18  Lung America, Inc. (herafter, "Aqualung America, Inc.") executed and filed

19  official documents with the California Secretary of State, attached hereto as

20  <u>Exhibit 2, pp. 1-3</u>, showing its prior principal office address of "3323 West

21  Warner Avenue, Santa Ana, California, 92704", which, on information and

22  belief, is no longer occupied by Aqualung, and is now used by Aluminum

23  Precision Products, https://www.aluminumprecision.com/contact/.

24  11. On or about the year 2008, on information and belief, Plaintiff and Aqualung

25  agreed to meet and did meet at the California distribution office of Aqualung

26  America, Inc., which at that time was located at 2340 Cousteau Court, Vista,

27  CA 92081, and multiple high level employees of Aqualung were present for

28  such meeting, in which Plaintiff handed out multiple printed copies to all

COMPLAINT FOR PATENT INFRINGEMENT

1    present of his then patent pending application for what later on issued as the

2    '276 Patent, and Plaintiff discussed such application in detail, including

3    numerous drawings and embodiments, and demonstrated several working

4    prototypes of snorkels using what was then patent pending technology under the

5    '276 Patent (the "Disclosure Meeting").

6  12. Exhibit 2, pp. 4-8, shows a Florida Secretary of State filing dated 7/30/2019 that

7    lists the principal office address of Aqualung America, Inc., Aqualung's

8    regional office and distribution channel in the United States, as "2340 Cousteau

9    Court, Vista, CA 92081".

10  13. On February 19, 2020, Plaintiff called Aqualung's United States distributor

11    office of Aqualung America, Inc., located at that time at 2340 Cousteau Court,

12    Vista, CA 92081, personally spoke to V.P. of Sales Todd Mitchell who

13    confirmed he was the correct person to speak to for informing Aqualung of

14    patent infringement, and Plaintiff discussed with Todd Mitchell the prior

15    Disclosure Meeting with Aqualung on or about 2008 and the current

16    infringement of the '276 Patent by specific models of infringing Aqualung Dry

17    Snorkels and that Plaintiff would be immediately sending Todd Mitchell a copy

18    of the '276 Patent and a detailed letter Plaintiff had already prepared that fully

19    explained such infringement, including diagrams, claim comparisons and case

20    law citations in order to encourage settlement discussions that could involve a

21    potential licensing arrangement.  Immediately after this call, Plaintiff sent a

22    follow up email to Todd Mitchell at Aqualung at his company email address

23    tmitchell@aqualung.com entitled "letter to discuss dry snorkel patent" (the

24    "First Email Notice 2/19/2020"), attached hereto as Exhibit 3, p. 1, and this

25    First Email Notice 2/19/2020 included two attachments, a complete copy of the

26    '276 Patent (previously cited herein as Exhibit 1) and also an attached 20 page

27    letter of notice entitled "Confidential Settlement Discussion letter re Aqualung

28    Dry Snorkels 2-19-2020.pdf" (the "2/19/2020 Notice") which is attached hereto

COMPLAINT FOR PATENT INFRINGEMENT

1   as <u>Exhibit 4</u>.

2   14. The 2/19/2020 Notice (<u>Exhibit 4</u>) demonstrates that Plaintiff provided a highly

3   detailed 20 page notice to Aqualung explaining that multiple specific models of

4   Aqualung Dry Snorkels, including but not limited to the Aqualung Dry Snorkel

5   model that Aqualung called the "IMPULSE DRY", infringed the '276 Patent.

6   The 2/19/2020 Notice also cited the prior Disclosure Meeting between Plaintiff

7   and Aqualung on or about the year 2008 and described such meeting in

8   significant detail, including specific personnel in attendance and detailed

9   occurrences at such meeting.  Neither Todd Mitchell or Aqualung ever disputed

10   the detailed accounts of such Disclosure Meeting, first detailed in Plaintiffs call

11   with Todd Mitchell, and further set forth in writing in the 2/19/2020 Notice in

12   <u>Exhibit 4</u>.

13   15. Such prior actual knowledge from the Disclosure Meeting, including copies of

14   the then patent pending application for the '276 Patent, as well as extensive

15   group discussions of such application with all present having copies, and

16   demonstrations of multiple working prototypes, supports that Aqualung was

17   previously noticed of the application that later issued as the '276 Patent prior to

18   such issuance, and on information and belief, Aqualung knew or should have

19   known of an objectively high risk of infringement, and despite such knowledge

20   and notice Aqualung intentionally infringed the '276 Patent, which supports

21   willful infringement.

22   16. On information and belief, Aqualung willfully infringed the '276 Patent,

23   including because the 20 page 2/19/2020 Notice (<u>Exhibit 4</u>) communicated to

24   Aqualung a charge of infringement of the specific '276 Patent by a specific

25   product as well as by a named group of products, including with direct detailed

26   comparison of accused product photos and diagrams to specific claims, so that

27   Aqualung knew or should have known of an  objectively high risk of

28   infringement of the '276 Patent, and that Aqualung acted despite such notice

and a risk of infringement, as demonstrated by the detailed contents of the 2/19/2020 Notice.  For example, the 2/19/2020 Notice (<u>Exhibit 4</u>) communicated with extensive detail that specified Infringing Aqualung Dry Snorkel models, including but not limited to Aqualung's IMPULSE DRY model (<u>Exhibit 4, p. 1</u>), directly infringed independent Claim 2 of Plaintiff's '276 Patent, and also infringed numerous Dependent Claims that are dependent upon Claim 2, including Dependent Claims 3, 4, 5, 6, 7, 8, 9, 12, 13 or 14, 15, and 16, while comparing each of such asserted Claims directly with written analysis using labeled diagrams on photographs of the infringing portions of the Infringing Aqualung Dry Snorkels (<u>Exhibit 4, pp. 4-12</u>).

17. On information and belief, <u>Exhibit 4</u> further shows that Plaintiff supported his points by asserting on-point Federal Circuit ("Fed. Cir.") case law citation authorities, including but not limited to, cited on-point Fed. Cir. case law in <u>Exhibit 4, p. 3, para. 2</u> stating "The existence of one's own patent does not constitute a defense to infringement of someone else's patent" to support the position that "Federal Circuit law holds that AquaLung cannot argue that any patent owned by AquaLung gives AquaLung a right to make the AquaLung Dry Snorkels without infringing the earlier '276 Patent"; <u>Exhibit 4, p. 8, para. 2</u> supporting that "Direct infringement can be found when a defendant makes a product containing each and every limitation set forth in a claim"; <u>Exhibit 4, p. 8, para. 4</u> supporting presumed validity and infringement of asserted Dependent Claims when the independent claim is not found invalid; and <u>Exhibit 4, p. 12-19</u> supporting broad construction of asserted Claim terms that are not limited to drawing figures or preferred embodiments while quoting portions of the written description in the '276 Patent confirming no disavowal of broad scope of claim terms occurred.

18. The First Email Notice 2/19/2020 was sent to and received by Todd Mitchel at his Aqualung email address tmitchell@aqualung.com, and communicated that

COMPLAINT FOR PATENT INFRINGEMENT

the attached 2/19/2020 Notice "provided a lot of information in this letter up front ... to provide *your company* with enough detail to help encourage an amicable resolution" (emphasis added), on information and belief, to communicate that this was directed to Aqualung and intended by Plaintiff to fully inform and notice Aqualung as a company.  (Exhibit 3, p. 1)

19. Shortly thereafter on February 19, 2020 Plaintiff sent a follow up email to Todd Mitchell resending the same two attachments and requesting that Todd Mitchell respond with an email to confirm he had received the emailed attachments, which is attached hereto as Exhibit 3, p 2 and Todd Mitchell subsequently responded by email, which is attached hereto as Exhibit 3, p. 3, stating "Hi Pete, I confirm receipt of your email.  *I will share this with our legal counsel* who is out this week, *and we will respond* upon her return to the office.  Thank you, Todd Mitchell / Vice President Swim/Snorkel/Paddle" (emphasis added), which, on information and belief, confirmed receipt by Aqualung and failed to dispute such full receipt specifically requested by Plaintiff.

20. On information and belief, despite such written promise above by Todd Mitchell that "I will share this with our legal counsel who is out this week, and we will respond upon her return to the office", no further response was ever received by Plaintiff from Aqualung.

21. On information and belief, such refusal to respond and continued infringement by Aqualung after receiving the highly detailed 2/19/2020 Notice (Exhibit 4) asserting the prior Disclosure Meeting, providing detailed comparisons of accused products with specific Claims of the '276 Patent, and providing on-point Fed. Cir. case law citations, demonstrates willful infringement by Aqualung.

22. On information and belief, emails from Plaintiff in Exhibit 3, pp. 1-6 demonstrate that Plaintiff provided his attached '276 Patent, which provided Aqualung notice of all Claims in the '276 Patent, in addition to Exhibit 4 citing

COMPLAINT FOR PATENT INFRINGEMENT

specific infringing models as infringing, including the IMPULSE DRY model, and such notice of all Claims by attaching the '276 Patent automatically includes independent Claim 22 and dependent Claims 23 or 24 that are similar to the Claims cited in Exhibit 4.

23. On information and belief, Aqualung has intentionally placed into the stream of commerce in the United States, in California and on this District, Dry Snorkels that infringe Plaintiff's '276 Patent (the "Infringing Aqualung Dry Snorkels") despite actual knowledge and notice of the '276 Patent from the Disclosure Meeting and despite receiving the 2/19/2020 Notice and the 2/19/2020 Initial Email Notice.

24. Todd Mitchell, who at the time of receiving the 2/19/2020 Notice (Exhibit 4), was officially listed as "Director" (Exhibit 2, p. 7) for Aqualung's United States distributor Aqualung America, Inc., located at that time at 2340 Cousteau Court, Vista, CA 92081 with FEI number "33-0442552", as seen in the document filed with the Florida Secretary of State dated July 30, 2019 attached hereto as Exhibit 2, pp 4-8.

25. On information and belief, Todd Mitchell's high level position and responsibilities at Aqualung are also supported in his LinkedIn page, attached hereto in Exhibit 5, pp. 36-38, and further supported by the LinkedIn pages in Exhibit 5, pp. 39-47 of other high level Directors and Officers listed with Todd Mitchell in Exhibit 2, pp 4-10, including for two France based Directors listed on Exhibit 2, p. 7, for Laurent Boury seen in Exhibit 5, pp. 26-27 which states on Exhibit 5, p. 27 that his position is at "Aqualung Group ... Greater Nice Metropolitan Area ... Member of the global executive committee ... CMO in charge of strategy, product management, marketing and product development for all global brands: Aqualung ... snorkeling and swim categories ... Lead a diverse global team of 80+ people ... Aqualung is the global leader for Scuba Diving, with presence in 100+ countries", and for Jean-Luc Diainville listed in

8

Exhibit 2, p. 7 and based in France as seen in Exhibit 5, pp. 28-30 which states "Aqualung International ... France ... Vice President Military & Professional Activity ... La Gaude, Provence-Alpes-Côte d'Azur, FR".

26. On information and belief, the actual knowledge and notice provided to the high level employees at the Disclosure Meeting, and from the 2/19/2020 Notice provided to Todd Mitchell (Exhibits 1, 3, and 4) imputed actual knowledge and notice upon Aqualung headquartered in France, including but not limited to, because such high level personnel are employees of Aqualung, and/or are agents of Aqualung under the principles of agency, and also because Aqualung America, Inc. (and Aqualung USA, Inc. detailed further below) is also an agent of Aqualung under the principles of agency, including but not limited to facts supporting that Aqualung America, Inc. (and Aqualung USA, Inc. detailed further below) is and continues to be wholly owned and controlled by Aqualung headquarter offices in France, as supported by the facts asserted herein and hereunder, and by the evidence in the Exhibits attached hereto.

27. On 4/8/2021, Plaintiff forwarded his prior email to Todd Mitchell again stating that "it has been over a year now and I would sincerely appreciate a response", and after receiving no response, Plaintiff asserts that he called Aqualung's U.S. distributor's office and, on information and belief, asserts that he was told that Todd Mitchell has not been with Aqualung since January or February of 2021 and that the new person to contact for that same position was JP DeBruin whose email was provided to Plaintiff, and Plaintiff then emailed JP De Bruin by forwarding the prior email chain with the prior attachments of the '276 Patent and the 2/19/2020 Notice, and Plaintiff asserts that no response was ever received by Plaintiff from JP DeBruin or anyone else from Aqualung, neither written nor verbal, at any time following the limited initial response received from Todd Mitchell in the email chain attached hereto as Exhibit 3, pp. 1-6.

28. On 4/14/2021, Plaintiff asserts, on information and belief, that he called

COMPLAINT FOR PATENT INFRINGEMENT

1   Aqualung's U.S. distributor's office again and spoke to a product manager who

2   stated her name was Courtney, who confirmed that JP DeBruin had taken over

3   Todd Mitchell's position and confirmed JP DeBruin's direct phone number and

4   email address, and Plaintiff asserts that he was transferred to JP DeBruin's

5   phone and left a voicemail message for JP DeBruin requesting a call back and

6   an email response to Plaintiff's recent email to JP Debruin that included the two

7   original attachments and the prior email chain between Plaintiff and Todd

8   Mitchell, and Plaintiff asserts that no response to such voicemail or such email

9   was provided whatsoever by JP DeBruin or by anyone else at Aqualung.

10  29. On information and belief, JP DBruin's high level position and responsibilities

11  at Aqualung are further confirmed in his LinkedIn page, attached hereto in

12  Exhibit 5, pp. 50-52, which states: "... Sep 2019 – May 2023 ... Assumed

13  ownership of the VP of sales and marketing role following the departure of an

14  executive team member ... for brands such as Aquasphere, Phelps, *Aqualung*,

15  US Divers ... *Strategized with leadership* ... *Positioned* Aqualung North

16  America *as the most profitable* revenue region *within the global organization* ...

17  *Praised by C-suite* ..." (emphasis added) to show high level responsibilities and

18  direct communications with top global C-suite level executives for "the global

19  organization".

20  30. On information and belief, despite having notice of Plaintiff's '276 Patent,

21  including detailed comparison of specific Claims of the '276 Patent with

22  specific models of Infringing Aqualung Dry Snorkels, including but not limited

23  to the Aqualung IMPULSE DRY snorkel model, Aqualung has continued to

24  import and distribute, through its own wholly owned and controlled distribution

25  channels, the Aqualung IMPULSE DRY snorkel model into the stream of

26  commerce of the United States, including into California and this District, and

27  on information and belief, with the expectation by Aqualung that such

28  Aqualung IMPULSE DRY Snorkel model would be purchased by customers

COMPLAINT FOR PATENT INFRINGEMENT

1  throughout the United States, including in California and this District, and such

2  infringement has been and is willful.

3  31. On information and belief, document pages filed with the California Secretary

4  of State dated 8/11/2022 in Exhibit 2, pp. 9-10, confirm that AquaLung

5  America, Inc., Aqualung's United States regional office and distribution

6  channel, had vacated its prior address in 2340 Cousteau Court, Vista, CA,

7  92081, which is also supported by Exhibit 6, pp. 1-2 attached hereto confirming

8  that such prior address is vacant and available for lease, and supported by

9  Exhibit 2, pp. 9-10 stating that Aqualung America, Inc. had moved its principal

10  office address to 2105 Rutherford Rd., Carlsbad, CA 92008.

11  32. On information and belief, On December 14, 2023, the website

12  DeeperBlue.com published a news article entitled "Aqualung Group

13  Reorganizes North American Operations, Will Lay off 60 Employees", attached

14  hereto as Exhibit 7, pp. 1-2, which reports on the contents of an internal

15  Aqualung email from "Chairman and CEO" Michael Abaza", which

16  demonstrates control by Aqualung France over its United States regional office

17  operation and location as well as over Aqualung's own employees located in

18  the United States, and announces intent to move Aqualung's United States

19  regional offices from California to Florida, and to terminate employment for

20  many of Aqualung's own United States based employees.

21  33. On information and belief, Exhibit 2, pp. 11-16, shows that on 4/22/2024, a new

22  United States distribution entity for Aqualung was listed with the Florida

23  Secretary of State as "AQUALUNG USA, INC." using a new "FEI/EIN

24  Number 93-4862373" at a new address of "8880 NW 20th STREET, STE J

25  MIAMI, FL 33172" (which is also deemed Doral, Florida per other information

26  herein, and statements by Aqualung in Exhibits attached hereto), listing two

27  "Officers/Directors" located at Aqualung's headquarters in France "ABAZA,

28  MICHEL 300 RUE DU VALLON LES VAISSEAUX-BATIMENT C 06560

COMPLAINT FOR PATENT INFRINGEMENT

VALBONNE SOPHIA ANTIPO FR" and "POULAIN, NICOLAS 300 RUE DU VALLON LES VAISSEAUX-BATIMENT C 06560 VALBONNE SOPHIA ANTIPO FR" (Exhibit 2, pp. 11, 15), which further support overt control by Aqualung France over its United States regional offices, operations, employees, and distribution, including over its Aqualung USA, Inc. office.

34. Michel Abaza is listed above as being located in France (Exhibit 2, pp. 11, 15), and is also listed as "Chairman and CEO" of "of Aqualung Group" in "France" on his LinkedIn page, attached hereto in Exhibit 5, pp. 3-5, as well as in other attached Exhibits, which again, on information and belief, supports control over United States offices and distribution by Aqualung headquartered in France.

35. Nicholas Poulain is listed above as being located in France (Exhibit 2, pp. 11, 15), and is also listed as "Group Chief Financial Officer" and "Group CFO" of "Aqualung Group" in "France" in his LinkedIn page, which is attached hereto in Exhibit 5, pp. 6-7, which, on information and belief, again supports control of United States offices and distribution by Aqualung headquartered in France.

36. On information and belief, the Aqualung USA, Inc. filing above (Exhibit 2, pp. 11-16) is consistent with Aqualung Press Releases and related news articles in Exhibit 7 attached hereto, including Exhibit 7, pp. 1-2, reporting on an email from Aqualung's CEO Michel Abaza from global headquarters in France and stating "*Our group* ... *our cash burn remains unsustainable* ... We must take immediate action to reduce *our* fixed costs ... *closure of the US office* is a crucial step in this process ... *decision* is part of the *Group's strategic* business orientation to ... streamline *its* entire structure ... at *all* levels ... *All human and financial efforts in the USA* will now be dedicated to serving Dive and MP customers ... Group will be exiting the SSP business in the USA ... *SSP* range will still be offered *outside North America* ... *geographies are fading away in favor of a global strategy*, with adjustments to local market specificities." (Emphasis added.) Furthermore, this article reports that "So out of *the*

COMPLAINT FOR PATENT INFRINGEMENT

1    *company's 83 US-based employees*, *60 jobs are being cut* and 23 are being

2    kept, 'with 16 on remote work and 7 jobs being offered to transfer to a new

3    facility on the East Coast to be opened in H1 2024,' according to Abaza", who

4    again is asserted as the Chairman and CEO of Aqualung headquartered in

5    France.

6    37. On information and belief, the above evidence not only demonstrates unity of

7    interest and ownership, but also demonstrates pervasive control by Aqualung

8    over its own employees and regional offices/subsidiaries located in United

9    States, including "at all levels ... All human and financial efforts in the USA ...

10    in favor of a global strategy".

11    38. Exhibit 2, pp. 17-18, shows an updated Statement of Information with the

12    California Secretary of State filed 6/3/2024 for Aqualung's United States

13    regional office and distributor Aqua-Lung America, Inc., listing again "Michel

14    Abaza" as "Chief Executive Officer" at "Officer address" of "France 300 RUE

15    DU VALLON  LES VAISSEAUX - BÂTIMENT C  VALBONNE, ALPES

16    MARITIMES 06560", "Nicolas Poulain" as "Chief Financial Officer,

17    Secretary" at Officer Address "France 300 RUE DU VALLON  LES

18    VAISSEAUX - BÂTIMENT C VALBONNE - SOPHIA ANTIPOLIS,

19    VALBONNE - SOPHIA ANTIPOLIS 06560", and listing the principal, mailing

20    and agent address at "2105 RUTHERFORD ROAD  CARLSBAD, CA 92008",

21    which is the same address listed in Exhibit 2, pp. 9-10, and also listing as

22    "Agent for Service of Process ... Charlotte Richard ... Agent Address 2105

23    RUTHERFORD ROAD  CARLSBAD, CA 92008", which on information and

24    belief, is fraudulent because Charlotte Richard admits on her LinkedIn web

25    pages that she has been located and working at Aqualung headquarters in

26    France before, during and after this filing (Exhibit 5, pp. 20-25) so that such

27    asserted "Agent Address" in California is knowingly and intentionally false.

28    39. On information and belief, Charlotte Richard's undisclosed true full-time

COMPLAINT FOR PATENT INFRINGEMENT

1    location in France also makes her ineligible and disqualified to be an Agent for

2    Service of Process in California, due to provably not residing in California in

3    violation of California law, including but not limited to, California Corporations

4    Code § 1502(b), (e), (j); § 1504; and § 2117 (b) and (e).

5  40. On information and belief, Aqualung America, Inc. in California as well as

6    Aqualung USA, Inc. in Florida, are each general managers, and/or agents,

7    and/or alter egos, of Aqualung (France), including but not limited to, due to

8    being exclusive distributors that are wholly owned subsidiaries under the

9    control of Aqualung from its headquarters in France, and are as regional and/or

10    national offices of Aqualung headquartered in France.

11  41. On information and belief, the Press Release from Aqualung Group dated

12    12/3/2024, attached hereto as Exhibit 7, p. 3, further supports that Aqualung in

13    France wholly owns and controls its own distribution channels, including into

14    the United States and California, by stating "*Aqualung's journey with the*

15    *United States* and Canada *began in 1950* ... *with the distribution* of the first on-

16    demand regulator ... *Aqualung Group* [France] *decided* to move *our national*

17    *office* from California to Florida ... *North American* (NA) *region* is the largest

18    scuba dive market in the world and *represents 40% of Aqualung Group Sales* ...

19    This new "*lung*" *of the group* [new office in Florida] will house *our* sales and

20    marketing teams ... of 20 passionate people will offer the highest standards and

21    support *to our customers* ... Michael Abaza, President and CEO *of Aqualung*

22    *Group* [France], commented: '... Aqualung Group ... strategically focused on its

23    core market activities: diving equipment and the provision of equipment to

24    military and professional customers ... placing *our operations in the U.S.* and

25    Canada at the heart of *our strategy* ... *delivering* ... *products,* services and

26    support'" (emphasis added), and this Press Release further announced "Grand

27    Opening ... December 6, 2024 at 5 pm EST, Aqualung Americas, 8880 NW 20th

28    St suite j, Doral, FL 33172."

42. On information and belief, this Press Release <u>Exhibit 7, p. 3</u> supports that Aqualung (France) continues its historical ownership and control over its United States distribution "since 1950".

43. On information and belief, <u>Exhibit 2, pp. 19-20</u> attached hereto shows that the Florida Secretary of State revoked on "09/27/2024" Aqualung America, Inc.'s prior authorization to transact business in Florida that was originally filed in 2019 (<u>Exhibit 2 pp. 4-8</u>) by stating on <u>Exhibit 2, p. 19</u> "Status INACTIVE ... REVOKED FOR ANNUAL REPORT ... Event Date Filed 09/27/2024 ... Principal Address 2105 RUTHERFORD ROAD  CARLSBAD, CA 92008" because Aqualung failed to file its annual report in Florida for Aqualung America, Inc., and <u>Exhibit 2, p. 20</u> shows a prior late filings for 2020, a late reinstatement in 2022, a filing on 04/19/2023, and then no flings thereafter, resulting in such inactive and revoked status as of "09/27/2024".

44. On information and belief, <u>Exhibit 2, pp. 21-23</u> attached hereto shows and advanced search of the term "aqualung" as of 5/15/2025 on the California Secretary of State website listing "AQUA-LUNG AMERICA, INC. (1677930)", "Inactive Date 01/02/2025", "Status  Forfeited – FTB" for not paying California fees and/or taxes to the Franchise Tax Board ("FTB"), "Standing–Agent  Good" for Charlotte Richard, "! Statement of Info Due Date 12/31/2024" indicating past due status, "Standing – SOS   Good", and listing the principal, mailing, and agent address as 2105 RUTHERFORD ROAD CARLSBAD, CA 92008", which is the same address as previously listed in <u>Exhibit 2, pp. 17-18</u> attached hereto.

45. On information and belief, <u>Exhibit 2, pp. 21-23</u> is consistent with Aqualung press releases and related publications in <u>Exhibit 7, pp. 1-12</u> reporting on Aqualung's decision to move its United States regional office from California to Florida, closing the California office, laying off many of Aqualung's own employees based in the United States (<u>Exhibit 7, p. 2</u>), and Aqualung's plans to

COMPLAINT FOR PATENT INFRINGEMENT

sell "100% of Aqualung Group" (Exhibit 7, p. 6) globally, which includes Aqualung's global distribution and its United States distribution, to the Head Group (Exhibit 7, pp. 4-12), in a similar manner that Montegue and then Barrings acquired Aqualung as a clear continuation of Aqualung's business of distributing, internationally and into the United States, products marketed under the historical brand name "Aqualung" made famous by the world-renowned explorer and inventor of the "aqua-lung" Captain Jacques-Yves Cousteau (Exhibit 8, pp. 3-7).  For example, Aqualung's Press Release dated December 3, 2024 (Exhibit 7, p. 3) states "The Aqualung Group officially announced the opening of _its new office_ in Miami ... reflects _our_ restructured North American organization and underscores _our ambition_ ... Aqualung's journey with the United States and Canada _began in 1950_ ... with the distribution of the first on-demand regulator, the aqual-lung, a game-changer ... _Today, a new chapter of this remarkable story_ unfolds ... _Aqualung Group decided_ to move _our national office_ from California to Florida ... will house _our_ sales and marketing teams ... of 20 passionate people ... to support _our customers_ ... About Aqualung Group Aqualung Group pioneered the creation of modern diving equipment in 1943 when Captain Jacques-Yves Cousteau teamed with Emile Gagnan to develop the first 'aqual-lung' ... Today, the group _continues_ ... _our products_ are available in over 100 countries around the World'"" (emphasis added), which again confirms, on information and belief, global ownership and control by Aqualung, headquartered in France, over its own United States regional offices and its own employees based in the United States.

46. On information and belief, such announced closure of the California office by Aqualung and decision to move such office to Florida is also consistent with the website news article dated April 2, 2025 from scubadivingla.com, attached hereto as Exhibit 7, pp. 4-5, stating "Over the past year, Aqualung has made several restructuring decisions, including the closure of its California and

COMPLAINT FOR PATENT INFRINGEMENT

1  Hawaii facilities, relocating its U.S. Distribution operations to the East Coast

2  ...", which is also consistent with the SGB Media news article dated April 23,

3  2025, attached hereto as Exhibit 7, pp. 10-12, which states "Aqualung Group

4  moved the company's North American office from California to Florida".

5  47. On information and belief, this announced movement of Aqualung's United

6  States regional office and distribution from California to Florida, is also

7  consistent with Exhibit 6, p. 3 showing a screenshot of Google Map's street

8  view of Aqualung's former California regional office address at 2105

9  Rutherford Rd., Carlsbad, CA 92008, with the sign "AQUALUNG GROUP"

10  visible over the front door, which again shows overt control by Aqualung

11  Group headquarters in France over such regional office, and this Google street

12  view image is seen to be dated as of "March 2025" on the left side of this

13  image, and on the right side of this image is a real estate listing sign posted in

14  the ground in front of this building which advertises "33,200 SF Available" for

15  lease to show that Aqualung had completely vacated this building, consistent

16  with its announcement to close and move its California office to Florida.  On

17  information and belief, such vacated status is also confirmed by the commercial

18  real estate listing website https://www.loopnet.com/Listing/2105-Rutherford-

19  Rd-Carlsbad-CA/34714613/, with screenshots attached hereto as Exhibit 6, pp.

20  4-7, which state at the bottom of Exhibit 6, p. 4 "Listing ID: 34714613 ... *Date*

21  *on Market: 2/4/2025* ... Last Updated: 5/12/2025 ... Address: 2105 Rutherford

22  Rd., Carlsbad, CA 92008", states at the top of this page "Flex Property for

23  Lease – 33,200 SF", and provides numerous photos confirming that the interior

24  spaces and parking lot are completely vacant and available for lease (Exhibit 6,

25  pp. 4-7), which confirms that Aqualung and its personnel have fully vacated

26  this former California address.  On information and belief, Exhibit 6, p. 5 shows

27  comparative side-by-side photos of the front of the building, both with and

28  without the former sign for the "AQUALUNG GROUP" (headquartered in

COMPLAINT FOR PATENT INFRINGEMENT

France) over the front door and formerly printed on the window to the left of the front door.

48. Such vacated status is also reported on the separate commercial real estate website at the URL https://www.commercialsearch.com/commercial-property/us/ca/carlsbad/2105-rutherford-road/, as seen in the screenshot attached hereto as Exhibit 6, pp. 8-10, printed from this website to PDF format as of "5/29/25, 11:27 PM" and states on Exhibit 6, p. 8 "For Lease ... 2105 Rutherford Road, Carlsbad, CA 92008 ... There is a total of 33,200 square feet of space *currently available* for rent *at this address* ... Of this, the minimal divisible area is 33,200 square feet", and further states on Exhibit 6, p. 9 "Full Building ... Total Space Available ... 33.200 SF ... Available Date ... *Immediate*", and on Exhibit 6, p. 10 "Property Details ... Property Tenancy *VACANT* ... *Date Updated Feb 26, 2025*" (emphasis added).  This same data is also reported on the URL https://www.propertyshark.com/cre/commercial-property/us/ca/carlsbad/2105-rutherford-road/ as seen in screenshots attached hereto as Exhibit 6, pp. 11-13, which state "Full Building ... Available Date Immediate ... Property Tenancy *Vacant* ... *Last Updated Feb 26, 2025*" (emphasis added).  On information and belief, this evidence is consistent with Press Releases from Aqualung and related news publications (Exhibit 7, pp. 1-12) regarding Aqualung's own decision, from its headquarters in France, to move its own United States regional offices from California to Florida.

49. On information and belief, Exhibit 2, pp. 24-26 attached hereto, shows webpages printed to PDF files from the URL https://www.leinumber.com/leicert/25490039U0OH6DHOFJ95/ with the details tab selected, which identifies the legal name for Aqualung as "AQUALUNG CORPORATE" with "Registration authority entity ID ... 823 142 203 ... Entity legal form code ... SAS , société par actions simplifiée (fr) 6CHY" located at "Legal address ... 300 RUE DU VALLON, BATIMENT C,

COMPLAINT FOR PATENT INFRINGEMENT

1  SOPHIA ANTIPOLIS ... Postal code ... 06560 ... City ... VALBONNES ...

2  Region code ... FR-PAC ... Country ... FR / France, French Republic", and such

3  data consistent with Aqualung's statements on its own website webpages,

4  printed to PDF format and attached hereto as Exhibit 2, pp. 27-28, which admit

5  both on its France URL https://fr.aqualung-group.com/politique-confidentialite-

6  cookies/ (Exhibit 2, p. 27) (with Google Translate selected to English) that

7  Aqualung's website, and thus Aqualung, on information and belief, is

8  controlled by "Aqualung Corporate, société par actions simplifiée with

9  registered office at 300 Rue du Vallon, Les Vaisseaux - Bâtiments C, 0656

10  Valbonne - Sophia-Antipolis, France, registered under number RCS 823 142

11  203 (hereinafter referred to as 'AQUALUNG') ... IDENTITY... Aqualung

12  Corporate SAS ... hereafter « Aqualung«'"; and also admits on its nearly

13  identical United States URL https://us.aqualung-group.com/privacy-cookies-

14  policy/ (Exhibit 2, p. 28) that the United States version of Aqualung's website is

15  also controlled by the exact same entity "Aqualung Corporate, société par

16  actions simplifiée with registered office at 300 Rue du Vallon, Les Vaisseaux -

17  Bâtiments C, 0656 Valbonne - Sophia-Antipolis, France, registered under

18  number RCS 823 142 203 (hereinafter referred to as 'AQUALUNG') ...

19  IDENTITY... Aqualung Corporate SAS ... hereafter 'Aqualung'".  On

20  information and belief, this is also consistent with Exhibit 2, p. 9 reporting

21  Aqualung America, Inc. as "Type of Business ... AQUA LUNG

22  CORPORATE", and Aqualung Corporate is the legal name for Aqualung

23  headquartered in France (Exhibit 2, pp. 24-27).

24  50. On information and belief, the above cited evidence is consistent with the

25  information in Exhibit 7, pp. 1-2 attached hereto, which further supports that

26  Aqualung's offices at Aqualung America, Inc., and/or Aqualung USA, Inc., are

27  alter egos of Aqualung headquartered in France, including but not limited to,

28  evidence of full ownership and control over its own offices and employees in

COMPLAINT FOR PATENT INFRINGEMENT

the United States, admissions by Aqualung of its undercapitalization as a group and for its national office subsidiaries, holding out by Aqualung that it is liable for the expenses and debts of its national office subsidiaries, and comingling of funds with such national offices, by stating "*Our group* ... *our cash* burn *remains unsustainable* ... We must take immediate action *to reduce our fixed costs* ... *closure of the US office is a crucial step* in this process ... decision is part of the Group's strategic business orientation ... *We will streamline its entire structure* ... *at all levels* ... *realign activities* ... *All human and financial efforts in the USA* will now be *dedicated to* serving the Dive and MP customers ... *The Group will be exiting the SSP business in the USA and Canada only. SSP range will still be offered outside North America*.... This strategy aims at restoring long-term sustainable growth through a more agile and *efficient organization* ... It is a response to *our financial challenges* and *cash constraints, necessary to secure a stable* future *for the whole Aqualung Group*" (emphasis added).

51. On information and belief, such alter ego relationship is further supported and corroborated by additional evidence detailed further below and in the attached Exhibits, and that it would promote injustice to permit Aqualung to hide behind the fiction of the separate existence of its mere regional offices of Aqualung America, Inc. and/or Aqualung USA, Inc. in an attempt to evade damages and injunction, including but not limited to evidence that Aqualung is in severe financial distress, which can not only cause such financially dependent regional office subsidiaries to be unable to pay damages, but also can cause such regional offices to be closed and/or relocated and/or replaced with new entities and new EIN/FEI numbers and in new States, in a shell game as needed for the sole benefit of the single entity Aqualung in France, as has already provably occurred. On information and belief, such closures and replacement entities can continue in response to cash constraints as admitted in Exhibit 7, p. 2 "We must

COMPLAINT FOR PATENT INFRINGEMENT

1  take immediate action to reduce our fixed costs ... closure of the US office is a

2  crucial step ... part of the Group's strategic ... ongoing transformation ...

3  response to our financial challenges and cash constraints ... for the whole

4  Aqualung Group".

5  52. On information and belief, it would also be unjust to permit Aqualung in France

6  to attempt to avoid many years of liability from its activities in this District for

7  infringement of the '276 Patent by allowing Aqualung to hide behind its prior

8  California office of Aqualung America, Inc., which no longer has any bona fide

9  physical location due to being completely vacated and advertised as

10  immediately available for lease (Exhibit 6, pp. 1-10), has FTB forfeited status

11  due to failing to pay its California Franchise Tax Board fees and/or taxes to

12  demonstrate financial incapacity (Exhibit 2, pp. 21-23, 33-34), and/or to hide

13  behind its newly formed Aqualung USA, Inc. regional office in Florida that just

14  opened its doors on December 6, 2024 (Exhibit 7, p. 3) and has a new and

15  different EIN/FEI number (Exhibit 2, pp. 11, 14), which supports an overt

16  attempt to avoid liabilities for earlier acts by Aqualung prior to such recent

17  opening date, and such Florida office is also financially constrained by the

18  globally undercapitalized Aqualung (Exhibit 7, p. 2, 4, 8, 13, 14).

19  53. On information and belief, Aqualung is financially distressed and

20  undercapitalized on a global basis, as corroborated by multiple news reports,

21  such as seen in Exhibit 7, p. 2 "'our cash burn remains unsustainable ...' ... out

22  of the company's 83 US-based employees, 60 jobs are being cut ..."; Exhibit 7,

23  p. 4 "Aqualung ... has been facing cash-flow issues that have impacted its

24  ability to supply products and maintain relationships with suppliers ... financial

25  strain has also effected the company's workforce, with employees voicing

26  frustrations over the lack of necessary capital investment ... transitioning into

27  the hands of Barings as part of a lending ground to support its struggling

28  finances ... an Aqualung employee told Divernet ... 'we had to tell customers we

COMPLAINT FOR PATENT INFRINGEMENT

1  couldn't supply them with many items because we simply didn't have the

2  money to pay suppliers ... customers are quite angry...'... including the closure

3  of its California and Hawaii facilities, relocating its U.S. distribution operations

4  to the East Coast , shutting down its Technisub facility in Italy, and divesting

5  the US Divers and Stohlquist brands"; Exhibit 7, p. 8 "Aqualung Group has

6  struggles financially ... there have been supply issues leading to customers

7  missing out on their orders"; Exhibit 7, p. 11 "The Aqualung Group has had a

8  bumpy road for a few years ... In 2022, a French court gave Aqualung a

9  deadline to sort out its continuing operational and financial difficulties ...";

10  Exhibit 7, pp. 13-14 "Aqualung Group Enters Court-Supervised Reorganization

11  Process ... Published ... May 21, 2025 ... Aqualung Group has announced ... a

12  legal reorganization process under French Law ... a court-managed effort aimed

13  at securing long-term viability ... the company said in a statement ...'While we

14  temporarily face some cash flow challenges, our teams remain fully mobilized

15  ...' ... working toward a resolution that will allow it to emerge from the

16  reorganization with a more stable foundation under new ownership".

17  54. On information and belief, these multiple consistent reports of severe financial

18  difficulties and insufficient capitalization at Aqualung headquartered in France

19  further demonstrates that its regional offices are mere alter egos of Aqualung,

20  have no separate resources to pay damages, have already been established to be

21  expendable and subject to closure, and that the current attempt to reorganize

22  and sell Aqualung could also attempt to evade liabilities of patent infringement

23  here so as to create additional inequity and injustice.

24  55. Furthermore, on information and belief, it is clear that Aqualung's own Press

25  Release statement that "Aqualung Group decided to move our national office

26  from California to Florida" (Exhibit 7, p. 3) *intentionally omitted and covered*

27  *up* that *it did not move* the office of its subsidiary Aqualung America, Inc., a

28  Delaware corporation having a long-standing EIN/FEI number "33-0442552"

COMPLAINT FOR PATENT INFRINGEMENT

1     (Exhibit 2, p. 6) from California to Florida as misleadingly phrased above; but

2     instead, quietly created a brand new Delaware corporation having the new and

3     different name "Aqualung USA, Inc" and a new and different EIN/FEI number

4     "93-4862373" at the new Florida office address (Exhibit 2, p. 14), in a bad faith

5     scheme to shuffle old and new shell subsidiaries in a "shell game" designed to

6     confuse, manipulate, prevent, and/or delay any service of process in California

7     on Aqualung, and/or any of its national office shell subsidiaries, regarding prior

8     and/or ongoing acts by Aqualung through its long-standing subsidiary

9     Aqualung America, Inc., at least until after such reorganization and sale of

10    Aqualung to another entity such as the Head Group can be completed (Exhibit

11    7, pp. 1-14) which would promote injustice to Plaintiff if such bad faith tactics

12    were allowed to succeed.

13 56. On information and belief, Aqualung headquartered in France, through its own

14     France based "Corporate & Business Legal Counsel at Aqualung Group"

15     Charlotte Richard, who works at Aqualung headquartered in France, has

16     intentionally and repeatedly filed fraudulent annual Statement of Information

17     documents with the California Secretary of State for Aqualung's wholly owned

18     and controlled subsidiary Aqualung America, Inc., with the clear intent to

19     evade, delay and prevent service of process in California on either Aqualung

20     America, Inc. itself, or on Aqualung imputed through service on its subsidiary

21     Aqualung America, Inc., as detailed further below.

22 57. Exhibit 5, pp. 20-25 attached hereto, shows images from Charlotte Richard's

23     LinkedIn pages as of "5/18/2025", based in France, as demonstrated by the "fr"

24     in front of the URL https://fr.linkedin.com/in/charlotte-richard, as seen in

25     Exhibit 5, p. 20, in which she states her name and current job title as "Charlotte

26     Richard ... Corporate & Business Legal Counsel at Aqualung Group ... Nice,

27     Provence-Alpes-Côte d'Azur, France", with her resume "Experience" detailing

28     her employment dates, locations and responsibilities at "*Aqualung Group ... 5*

COMPLAINT FOR PATENT INFRINGEMENT

1  *years 6 months* ... *Corporate & Business* Legal Counsel ... *Jan 2024 – Present*

2  ... *Headquarters, Sophia Antipolis, France* ... *After 4 years spent at Aqualung*

3  *Group* as Business Legal Counsel *I am now also in charge of Corporate*

4  *matters* and therefore *have a worldwide scope* on the following topics:

5  *Corporate* and Insurance, *Distribution* / Sponsoring / *Marketing* / *Digital*

6  (*drafting*, negotitation [sic] of *contracts*, services agreements, military

7  professional call for tenders, e-com and marketing websites compliance ... ),

8  Data Protection Officer, internal trainings, *implementation of* tools and

9  *procedure for the Group*" (emphasis added); states that she previously worked

10  at Aqualung as "Business Legal Counsel ... *Dec 2019 – Mar 2024 – 4 yrs 4 mos*

11  *Headquarters – Sophia Antopolis* [France] ... As Business Legal Counsel, *I am*

12  *focusing on contractual topics* (*distribution contracts*, *purchase contracts*,

13  sponsoring ...) and on the *digital transformation of the Group*" (emphasis

14  added); and confirms that she only worked for 7 months in 2023 at Aqualung's

15  United Stated distribution office Aqualung America, Inc. in "Carlsbad",

16  California, by stating: "Business Legal Counsel  *May 2023 – Nov 2023 – 7 mos*

17  *Carlsbad*, Californie, États-Unis ... *in our american affiliate* to support the

18  teams in *developing* [sic] *our business in North America* and Latin America."

19  (Emphasis added.)

20  58. On information and belief, because Charlotte Richard admits on her LinkedIn

21  page that she worked at Aqualung headquarters "*Jan 2024 – Present* ...

22  *Headquarters, Sophia Antipolis, France*" (emphasis added) (Exhibit 5, p. 20),

23  Charlotte Richard filed a fraudulent Statement of Information on "Date Filed:

24  6/3/2024" in which she falsely listed herself in California as "Agent for Service

25  of Process ... Agent Name ... Charlotte Richard ... *Agent Address* ... 2105

26  RUTHERFORD ROAD ... CARLSBAD, CA 92008" (emphasis added), the

27  same address entered for "Principal", "Mailing" and "Office" address for

28  Aqualung America, Inc., and falsely attested "*By signing, I affirm that the*

1  *information herein is true and correct* and that I am authorized by California

2  law to sign. *Charlotte Richard*  06/03/2024" (emphasis added), as seen in

3  Exhibit 2, pp. 17-18 attached hereto.

4  59. On information and belief, Charlotte Richard's admission of being a top legal

5  employee "in charge of Corporate matters ... worldwide scope" at Aqualung

6  Group "Jan 2024 – Present ... Headquarters, Sophia Antipolis, France", and

7  admission that she has not been in Carlsbad, California since "Nov 2023" after

8  completing a short "7 months" period there, supports that she fully knew that by

9  listing herself as "Agent for Service of Process ... Agent Name ... Charlotte

10  Richard ... Agent Address ... 2105 RUTHERFORD ROAD ... CARLSBAD, CA

11  92008" and simultaneously listing two directors and officers for Aqualung

12  America, Inc. who are only located in "France", as seen in Exhibit 2, pp. 17-18,

13  she fully knew and intended that this filing would prevent successful service of

14  process in California on Aqualung America, Inc. as well as on Aqualung in

15  France imputed through service on Aqualung America, Inc..

16  60. On information and belief, Aqualung and its employee Charlotte Richard

17  intentionally entered fraudulent information on its California annual reports in

18  an attempt to evade and prevent effective service under FRCP §§ 4(h)(1)(A)

19  and 4(e)(1) pursuant to State law, and thereby unlawfully limit service of

20  process to only occur under the complex Hague convention, which is well

21  known to often take 4 to 6 months or longer, and allowing such fraudulent

22  scheme to succeed would unjustly reward and encourage such deceptive and

23  fraudulent acts, and would also lead to unjust and inequitable results to Plaintiff

24  as detailed herein to delay, avoid and/or evade liability for patent infringement,

25  including willful infringement, and thus should not be allowed to succeed.

26  61. On information and belief, the knowingly false and incorrect information

27  entered on the California Statement of Information cited above (Exhibit 2, pp.

28  17-18) are violations of California law, including but not limited to, California

1  Corporations Code § 1502(b), (e), (j); § 1504; § 2117 (b) and (e); and also

2  California Penal Code § 115(a) for filing and signing a document that

3  knowingly contains false and fraudulent information with the State of

4  California.

5  62. On information and belief, Charlotte Richard repeated in 2025 the same

6  fraudulent information she made above in 2024, by again listing herself as

7  "Agent for Service of Process ... Agent Name ... Charlotte Richard ... Agent

8  Address ... 2105 RUTHERFORD ROAD ... CARLSBAD, CA 92008" for the

9  next 12 month period of this updated annual Statement of Information, which

10  again is the same address she listed for "Principal", "Mailing" and "Office"

11  address for Aqualung America, Inc., and falsely attested again that "*By signing,*

12  *I affirm* that the *information herein is true and correct* and that I am authorized

13  by California law to sign. *Charlotte Richard*  01/31/2025" (emphasis added), as

14  seen in Exhibit 2, pp. 31-32 attached hereto, which again only lists two officers

15  and directors who are only located in France, and again lists no valid person

16  who can be found and served at a valid address in California.

17  63. On information and belief, Exhibit 2, pp. 31-32 is even more fraudulent,

18  because, by admitting she is "in charge of Corporate matters ... worldwide

19  scope" on her LinkedIn page, she fully knew that this California address was

20  fully "vacant" as of her signature date on "01/31/2025" Exhibit 2, p. 32 because

21  *only 4 days later* it was "for lease" with "Date on Market: 2/4/2025" as seen on

22  the bottom of the website screen shot in Exhibit 6, p. 4 attached hereto from

23  URL https://www.loopnet.com/Listing/2105-Rutherford-Rd-Carlsbad-

24  CA/34714613/ with an issued "Listing ID: 34714013" for the full "Building

25  Size 33,200 SF, including online photos showing that the building is fully

26  vacant, with fully cleaned floors and carpets, no furniture, no computers, no

27  equipment, no people, and no cars in the parking lot containing "Standard

28  Parking Spaces: 105" as seen in Exhibit 6, pp. 4, 6-7.  Consequently, on

COMPLAINT FOR PATENT INFRINGEMENT

1  information and belief, Charlotte Richard's 2025 filing fraudulently listed

2  herself as "Agent for Service of Process ... Agent Name ... Charlotte Richard ...

3  Agent Address ... 2105 RUTHERFORD ROAD ... CARLSBAD, CA 92008"

4  despite knowing that she actually is located in France and despite knowing such

5  building was fully "vacant" so that nobody from Aqualung can be served at

6  such vacant and closed California address, either now or at any time during the

7  12 months following the "01/31/2025" signed annual report.

8  64. On information and belief, Charlotte Richard's admissions on her LinkedIn

9  page that she is "in charge of Corporate matters ... worldwide scope" (Exhibit 5,

10  pp. 20-25) inherently involves complex legal and administrative functions that

11  cannot possibly be conducted at the provably "vacant" California office address

12  listed for "Agent for Service of Process ... Agent Name ... Charlotte Richard ...

13  Agent Address ... 2105 RUTHERFORD ROAD ... CARLSBAD, CA 92008"

14  Exhibit 2, pp. 16-17, 31-32, 33-34, especially while in France.

15  65. On information and belief, Charlotte Richard also intentionally and fraudulently

16  listed the "Principal Address" and "Street Address of California Office of

17  Corporation" for Aqualung America, Inc. as 2105 RUTHERFORD ROAD ...

18  CARLSBAD, CA 92008" (Exhibit 2, pp. 31-32) because such provably

19  "vacant" space, with no employees, no furniture, no desks and computers, no

20  cars in empty parking lot per photos (Exhibit 6, pp. 3-13) cannot quality as

21  corporate principal office for the type of operations listed in this same form as

22  "Type of Business ... Recreational and military/professional scuba diving

23  distribution company" (emphasis added) in Exhibit 2, pp. 31-32 for Aqualung

24  America, Inc., as no "distribution" can occur from this vacant address with

25  nothing inside, to show a larger pattern of multiple fraudulent acts that uncover

26  an intentional deceptive scheme to use Aqualung America, Inc. in 2025 as a

27  mere alter-ego, an empty shell and conduit, and now even an empty building,

28  that only exists on paper with repeated fraudulent information filed with the

COMPLAINT FOR PATENT INFRINGEMENT

1    California Secretary of State, orchestrated by for the sole benefit of the singular

2    entity Aqualung headquartered in France, and with the clear intent to

3    unlawfully evade service of process in California by not listing a real agent for

4    service of process at a real address in California where service can succeed.

5    66. On information and belief, this pattern of bad faith is further supported by

6    evidence that Aqualung is also intentionally and fraudulently attempting to

7    avoid service of process in California to Aqualung in France through its new

8    subsidiary Aqualung USA, Inc., by intentionally not filing for and obtaining a

9    "certificate of qualification" from the California Secretary of State that is

10   mandatory in California in order to permit this separate entity "Aqualung USA,

11   Inc." to be authorized to transact business in California, as such entity name

12   "Aqualung USA, Inc." does not appear in the advanced search using the word

13   "aqualung" on the California Secretary of State website (*see* Exhibit 2, pp. 21-

14   23, 33-34), despite Aqualung announcing the movement of its United States

15   distribution office from California to Florida (*see, e.g.,* Exhibit 7, pp. 3), and

16   despite Aqualung continuing to transact ongoing business in California with

17   numerous contracted Dive Store dealerships for sales, warranty and servicing in

18   California and in this District as detailed further below (*see, e.g.,* Exhibit 8, pp.

19   8-9, 16-20) so as to intentionally seek and obtain profits, benefits and business

20   protections from the laws of California while improperly and unjustly

21   attempting to evade required burdens to obtain a "certificate of qualification" in

22   violation of California law, including but not limited to, violation of Cal. Corp.

23   Code §§ 2105(a) and 2203(a), with the intent to avoid listing a valid agent for

24   service of process who can be located and served at a valid California address.

25   67. On information and belief, Aqualung knows of its requirement to file for,

26   obtain, and update annually, a "certificate of qualification" for the separate

27   foreign corporation Aqualung USA, Inc., having an office in Florida, in order to

28   have authorization from California Secretary of State to transact business in

COMPLAINT FOR PATENT INFRINGEMENT

1  California, because evidence shows Aqualung America, Inc., having office

2  location in California, previously filed for permission to transact business in

3  Florida with the Florida Secretary of State and then filed annual report updates

4  for multiple years, as seen in Exhibit 2, pp. 4-8, 11-12 attached hereto, to

5  support that Aqualung has intentionally evaded filing for Aqualung USA, Inc.

6  to obtain a "certificate of qualification" to transact business in California.

7  68. On information and belief, Aqualung has a pattern of disregarding legal

8      formalities and separation of entities, as supported by numerous Exhibits

9      attached hereto, both individually and in combination with each other, such as

10     further supported by Exhibit 2, pp. 35-36 attached hereto, showing web pages

11     of Aqualung's recently updated Dun & Bradstreet information for Aqualung

12     America, Inc. at the URL https://www.dnb.com/business-directory/company-

13     profiles.aqua-lung_america_inc.34e8af68c676afa91942c6b895aaec09.html that

14     publicly admits its entity "Aqua-Lung America, Inc." is "Doing Business As:

15     AQUALUNG GROUP" and that "Aqua Lung sells its products -- such as ...

16     snorkels ... through selected dive shops and the firm's catalog ... sell products in

17     more than 30 countries".

18  69. On information and belief, Exhibit 2, pp. 35-36 also demonstrates that

19     Aqualung disregards legal formalities and treats its subsidiaries like mere shells

20     and conduits for the single entity Aqualung, because Exhibit 2, p. 36 shows that

21     Aqualung recently updated on Dun & Bradstreet the information for Aqualung

22     America, Inc. as being now located at "Address: 8880 NW 20TH St Ste J Doral,

23     FL 33172-2636 United States", which is not the California Address asserted for

24     Aqualung America, Inc. as reported by Aqualung in Exhibit 2, pp. 17-18, 31-

25     34; but instead, is the address for the separate entity Aqualung USA, Inc.

26     asserted by Aqualung in Exhibit 2, pp. 11-16, and Exhibit 2, p. 37 shows a

27     difficult to find Dun & Bradstreet webpage for Aqualung USA, Inc. which

28     shows that Aqualung has intentionally not provided any updates at all for this

COMPLAINT FOR PATENT INFRINGEMENT

1    new entity on Dun & Bradstreet because this page merely states "Industry:

2    Duns Support Record, *nonclassifiable establishment*" (emphasis added), and

3    only shows "Address: 8880 NW 20TH St Ste J Doral, FL, 33172-2636 United

4    States".

5    70. On information and belief, this further supports intentional manipulation by

6        Aqualung to treat its entities as mere shells and conduits to leverage benefits

7        and avoid burdens, even in directly conflicting manners, as needed for

8        convenience of Aqualung in France, including by Aqualung not announcing on

9        Dun & Bradstreet any "closure" or "Forfeited FTB" California status or

10       "INACTIVE ... REVOKED" Florida Status of Aqualung America, Inc. or "for

11       lease" and "vacant" status (Exhibit 7 p. 2-3; Exhibit 2, pp. 21-23, 33-34; Exhibit

12       6, pp. 3-13), which if announced would likely destroy its long established

13       business history on Dun & Bradstreet, so that such false information and

14       address for Aqualung America, Inc. can help maximize rather than diminish

15       Dun & Bradstreet historical ratings and data for Aqualung America, Inc. as

16       leverage to maximize the potential sale price of Aqualung Group to another

17       company such as Head Group (Exhibit 7, pp. 4-14).

18   71. Similarly, on information and belief, Aqualung has intentionally withheld from

19       Dun & Bradstreet that it has effectively deactivated and replaced the decades-

20       old historical Aqualung America, Inc. entity with the new months-old entity

21       Aqualung USA, Inc. for distribution operations because it's operations are too

22       new to demonstrate any value enhancing history on Dun & Bradstreet and

23       would risk losing the use of Aqualung America, Inc.'s historical data while

24       attempting to sell the company, so that Aqualung recently updated the address

25       for Aqualung America, Inc. on Dun & Bradstreet as "Address: 8880 NW 20TH

26       St Ste J Doral, FL 33172-2636 United States" (Exhibit 2, p. 35-36) for

27       convenience to maximize sale price, while oppositely listing its address with the

28       California Secretary of States as "2105 Rutherford Road, Carlsbad, CA 92008"

COMPLAINT FOR PATENT INFRINGEMENT

1  which is vacant to evade service of process there, which supports a shell game

2  using alter ego entities, even in conflicting manners, in order to suit the

3  convenience of the moment for Aqualung, headquartered in France.

4  72. On information and belief, this manipulation is consistent with the incomplete

5  and deceptive description in Exhibit 7, p. 3 "Aqualung Group *decided to move*

6  *our national office from California to Florida* ... Michel Abaza, President and

7  CEO of Aqualung Group, commented ... our new office in Doral *and the*

8  *important investments associated*" (emphasis added) which then deceptively

9  refers to the new Florida office using the unregistered name "Aqualung

10  Americas", *which does not exist to date in any filings in Florida or California*

11  per Secretary of State searches, and is confusingly similar to both Aqualung

12  America, Inc. as well as Aqualung USA, Inc., to intentionally confuse and

13  support the Dun & Bradstreet updated address for enhancing sale value, while

14  intentionally not using either entity's actual legal name, as seen in the Press

15  Release Exhibit 7, p. 3 which stated "Grand Opening ... December 6, 2024 at 5

16  pm EST, *Aqualung Americas*, 8880 NW 20th St suite j, Doral, FL 33172"

17  (emphasis added), and repeated again by Aqualung headquarters in France on

18  its LinkedIn post shown on Exhibit 5, p. 1 attached hereto, which states "Join us

19  for the Grand Opening Party! December 6, 2024 5 PM EST *Aqualung*

20  *Americas*: 8880 NW 20th St, Suite J, Doral, FL 33172" (emphasis added).

21  73. On information and belief, Aqualung's pattern of repeated disregard for legal

22  formalities is further supported because even the prior authorization for

23  Aqualung America, Inc. to transact business in Florida was "revoked" and made

24  "inactive" by the Florida Secretary of State due to Aqualung's failure to file

25  annual reports with updated information Florida that only listed the California

26  address (Exhibit 2, pp. 19-20), while intentionally causing Dun & Bradstreet to

27  list "Aqualung America, Inc." as if it were actually active and operational in

28

COMPLAINT FOR PATENT INFRINGEMENT

Florida at "8880 NW 20TH St Ste J Doral, FL, 33172-2636 United States" for
this entity.

74. On information and belief, Aqualung shows further repeated disregard of legal
formalities, as exemplified in Exhibit 2, pp. 29-30 attached hereto.  Exhibit 2, p.
29 shows the filing history of Aqualung America, Inc. with the California
Secretary of State, with "Initial Filing ... Date 12/20/1990", with no regular
recorded filings of required annual statements thereafter, with subsequently
recorded "Delinquency" noted on "Date 5/7/1997", "Delinquency" noted on
"Date 5/6/1999", "Delinquency" noted on "Date 1/2/2003", "Delinquency"
noted on "Date 2/17/2005", "Penalty Certification -SI" noted on "Date
7/14/2005",  "Delinquency" noted on "Date 2/8/2007", and as seen on Exhibit
2, p. 30 "Pending Suspension" noted on "Date 8/16/2007", "Delinquency"
noted on "Date 3/25/2010", and an actual "Statement of information" finally
filed on "Date 6/3/2024" but only to lists fraudulent information service of
process as detailed above and fails to remove or correct "FTB Forfeited" status
for not paying California Franchise Tax Board fees and/or taxes noted on "Date
1/2/2025", and following "Statement of information" made public on "Date
5/21/2025" is filed merely to list fraudulent information for service of process
as detailed above, and still failed to cure FTB payments due as seen in Exhibit
2, pp. 21-23 and 33-34, which continues to report "Status  Forfeited-FTB ...
Standing-FTB Not Good" as of 5/27/2025.

75. On information and belief, Aqualung headquartered in France controls design,
manufacturing, marketing strategy, market targeting, delivery, warranty,
service, delivery and sales of its products, including but not limited to the
infringing Aqualung IMPULSE DRY snorkel model within the group of
Infringing Aqualung Dry Snorkel models, into the United States stream of
commerce and California and this District through its fully owned and
controlled subsidiaries Aqua-Lung America, Inc. in California, and/or

COMPLAINT FOR PATENT INFRINGEMENT

1    Aqualung USA, Inc. in Florida which are described by Aqualung itself as

2    Aqualung's own national offices and business regions within the United States,

3    with intentional targeted sales aiming through such national offices and through

4    numerous specific contracted retail dive store dealerships having specific

5    locations in California and in this District, as evidenced on Aqualung's

6    websites, including its main website and its Aqualung brand specific websites,

7    which are the exact same websites used by its wholly owned and controlled

8    United States subsidiaries Aqua-Lung America, Inc. in California and Aqualung

9    USA, Inc. in Florida.  Examples of screenshots from Aqualung's main website

10   and its Aqualung brand name website are attached hereto as Exhibit 8, pp. 1-27,

11   which provide supporting evidence detailed below.

12   76. On information and belief, Exhibit 8, p. 1 shows a page from Aqualung's main

13        website from France, using the abbreviation "fr" for France in the URL

14        "https://fr.aqualung-group.com", and with the "FR" icon with French flag

15        currently selected in the upper right corner of the page, to show this is the

16        Aqualung Group's France headquarters main website.  The "FR" icon is seen to

17        have a drop down menu with the option to "Switch to US" by clicking on the

18        "US" icon with US flag in such drop down menu displayed because the cursor

19        was first hovering over the "FR" icon to open the drop down menu and is then

20        hovering over the "US" icon in such drop down menu at the time of such

21        screenshot, and the Google Translate option displayed to select translate from

22        French into English.  This screenshot is scrolled down to the bottom of this

23        webpage to show the four different brand names under the Aqualung Group that

24        includes "Aqualung" brand for "DIVING & SNORKELING", and also shows

25        that the bottom of this webpage has numerous links to numerous other pages,

26        including "Our History", "Manufacturer", "Management Team", "Locations",

27        and other links.

28   77. On information and belief, Exhibit 8, p. 2 shows the identical webpage view

1  described above, but after the "US" icon in the upper right corner was selected
2  in this view with the mouse cursor so that the drop down menu now shows the
3  option for switching back to "FR", and the URL now starts with "us", for
4  United States, as "https://us.aqualung-group.com" to show that the United
5  States branch offices are part of "aqualung-group.com" and thus part of the
6  Aqualung Group in France while sharing the exact same website, with
7  interchangeable links to switch back and forth between France headquarters and
8  the United States branch office versions of the same website, including the
9  exact same menu of webpage links. This includes the exact same link to
10  "Follow us" with a check box to select "I agree to receive communications *from
11  Aqualung Group*" even on the US version webpage. (Emphasis added.)

12  78. Looking back to Exhibit 8, p.1 showing the French website, clicking on the
13    weblink "Manufacturer" leads to the French webpage screenshot in Exhibit 8, p.
14    3, wherein Aqualung confirms, with Google Translate set to English, "Since its
15    inception, *our group* has always manufactured its own products ... Today, we
16    proudly design, manufacture, assemble and test the vast majority of our
17    products in *our* production centers ... *with rigorous control* ... *make our* ...
18    snorkels ..." (emphasis added). On information and belief, selecting the drop
19    down menu to "US" in the upper right hand corner leads to an identical
20    webpage except for "us" being at the front of the URL, confirming shared
21    content and shared websites between headquarters in France and regional
22    offices in the United States.

23  79. Exhibit 8, p. 4 shows a screenshot from the webpage "https://fr.aqualung-
24    group.com/aqualung" and confirms, with Google Translate set to English,
25    "World leader in diving ... We revolutionized modern diving over 80 years ago
26    ... Today, *we are* the world leader ... *Present on all continents*, with *products
27    marketed in more than 90 countries*, *Aqualung has a strong presence in North
28    America* ..." (emphasis added).

COMPLAINT FOR PATENT INFRINGEMENT

80. Exhibit 8, p. 5 shows a screenshot further down the same URL page and states, with Google Translate set to English, "OUR HISTORY… Aqualung is the world's leading *designer and manufacturer* of diving equipment, with *products and services available in nearly 100 countries* worldwide … *Always focused on innovation* and technical excellence, Aqualung *designs* easy-to-use, reliable, and durable products …". (Emphasis added.)

81. On information and belief, Exhibit 8, p. 6 shows a screenshot from URL https://fr.aqualung-group.com/rejoignez-nous", *i.e.,* join us, regarding worldwide employment by Aqualung Group headquartered in France, and confirms Aqualung's own employees work in Aqualung's own offices in other countries, including in the United States, by stating, with Google Translate set to English, "*OPENING UP TO THE WORLD HAS ALWAYS BEEN PART OF OUR COMPANY'S HISTORY, WITH INTERNATIONAL EXPANSION STARTING IN 1956 IN THE UNITED STATES* … Today, *we operate* in over 100 countries, *including the United States* … The group's *global headquarters* are located in the Sophia-Antipolis technology park, near Nice [France] … *Our group actively* supports a mobility policy, both internal *and international*. *Our team*, made up *of 580 employees* from 30 different nationalities … A truly unique working environment … *Each employee is encouraged to actively contribute to the company's projects* … *At Aqualung Group* …". (Emphasis added.)   On information and belief, the above statements of "our company's history" admits that Aqualung has always owned and controlled its own United States distribution channels, offices and employees, specifically in the United States, "with international expansion starting in 1956 in the United States", and is consistent with other supporting evidence asserted herein and in the Exhibits 1 to 8 attached hereto.

82. On information and belief, this and other Exhibits further support that Aqualung's United States subsidiaries Aqua-Lung America, Inc. and/or

COMPLAINT FOR PATENT INFRINGEMENT

1    Aqualung USA, Inc. are mere regional offices and thus general managers and/or

2    alter egos and/or agents of Aqualung for Aqualung Group's global headquarters

3    in France.  On information and belief, this also further confirms that that each

4    of Aqualung's employees in the United States is also a general manager and/or

5    agent of Aqualung headquartered in France, including but not limited to

6    employees appearing and exemplified in <u>Exhibit 5</u> who use the term Aqualung

7    in the their job title and assert they work for the Aqualung Group as their

8    employer on their main LinkedIn page.  On information and belief, this is

9    further supported by <u>Exhibit 8, p. 6</u> above that communicates that each of

10   Aqualung's employees worldwide and in the United States is explicitly

11   encouraged, and authorized, by Aqualung, to contribute and communicate

12   directly with Aqualung Group's headquarter offices in France, including with

13   actively supported internal and international mobility, and are thus are

14   sufficiently authorized by and integrated with the Aqualung organization to

15   know how to communicate globally within Aqualung, and to Aqualung

16   headquarters in France, regarding any matter, including but not limited to, any

17   service of process, and any important matter, or any urgent matter, related to

18   Aqualung.

19   83. On information and belief, <u>Exhibit 8, p. 7</u> shows a screenshot of the France

20      webpage for "OUR LOCATIONS" at URL "<u>https://fr.aqualung-</u>

21      <u>group.com/locations</u>" and again provides support that Aqualung's own regional

22      offices and its own employees in the United States provide "direct

23      representation" of Aqualung Group headquartered in France, to support such

24      are general managers to Aqualung, including but not limited to, by stating, with

25      Google Translate set to English, "*World leader* in diving equipment ... At

26      *Aqualung Group* ... *the Group has been present in the United States since 1956,*

27      *marking the beginning of* ... *direct representation* in numerous countries ... We

28      ... <u>design, manufacture, assemble and test</u> the vast majority of our products <u>in</u>

COMPLAINT FOR PATENT INFRINGEMENT

1  our *own factories* ... Through *our global network* of *offices* ... *we are*
2  *strategically positioned* to meet the diverse needs *of our customers, wherever*
3  *they are located*.  The *group's headquarters are located in* the south of *France,*
4  *in Sophia-Antipolis*." (Emphasis added.)

5  84. Exhibit 8, p. 8 shows a screenshot from the same webpage described above at
6  URL "https://fr.aqualung-group.com/locations", scrolled down to a world map,
7  clearly and explicitly stating "*HEAD OFFICE* Sophia Antipolis, *France* ...
8  *REGIONS OF ACTIVITY  Doral, United States* ... PRODUCTION ... Carros,
9  France ... Blackburn United Kingdom ... Mexicali, Mexico".  (Emphasis added.)

10 85. Exhibit 8, p. 9 shows the exact same world map described above, after the "US"
11  icon in the upper right corner has been selected, which changes the URL to state
12  "https://us.aqualung-group.com/locations" to show the United States version of
13  the same shared website, and repeats listing "HEADQUARTERS ... France"
14  and "BUSINESS REGIONS  Doral, USA ..." as well as business branch regions
15  in other countries, and the same production sites.  Thus, on information and
16  belief, the United States offices have been and continue to be mere regional
17  branch offices of Aqualung headquartered in France, and are one and the same.

18 86. On information and belief, Exhibit 8, p. 10 shows a screenshot of the France
19  website for the brand name Aqualung in URL "https://us.aqualung-
20  group.com/aqualung" which provides a link on the right side of the page
21  stating, with Google Translate set to English "VISIT THE WEBSITE >", and
22  clicking on this link from a computer located in the United States automatically
23  leads to the United States version of the Aqualung brand website with URL
24  "https://us.aqualung.com/" that is shown in attached Exhibit 8, p. 11 with a
25  screenshot taken at the bottom of such United States webpage, which displays
26  links to various diving products including for "Snorkels", as well as additional
27  links at the bottom of such page, including a link back to the main "Aqualung
28  Group" website and links for "Owners Manuals", "Care & Maintenance",

COMPLAINT FOR PATENT INFRINGEMENT

1  "Recall Information", "Warranty", "Retailer's Portal" for direct retailer

2  interaction such as product orders, delivery, sales, etc. at contracted dealership

3  Dive Store locations, including in this District, and other links.

4  87. This screenshot in <u>Exhibit 8, p. 11</u> also has a link at the top of such page for

5  "Store locator" for purchasing, and while the "US" icon in the upper right hand

6  corner is automatically activated when connecting from a computer IP address

7  in the United States, hovering over such icon exposes a drop down menu to

8  various other countries including France via the "FR" icon option, and clicking

9  on such "FR" option shows the exact same webpage for France.

10 88. On information and belief, clicking on the link "Snorkels" on this United States

11 webpage in <u>Exhibit 8, p. 11</u> leads to the screenshot shown in attached <u>Exhibit 8,</u>

12 <u>p. 12</u> at the URL "https://us.aqualung.com/collections/diving-snorkels" showing

13 photos, pricing and descriptions of different Aqualung snorkel models,

14 including the infringing Aqualung "IMPULSE DRY - Dive Snorkel" model,

15 which is priced at "$60.00" U.S. and described as available in "8 colors".

16 Again, hovering the cursor over the "US" icon in the upper right corner

17 activates a drop down menu for switching to webpages of multiple other

18 countries, including "FR" for France, and clicking on such other links to other

19 countries leads to the same snorkels and webpage view displayed in different

20 languages and foreign currency pricing.

21 89. On information and belief, clicking on the image of the infringing Aqualung

22 IMPULSE DRY -Dive Snorkel model on the webpage in <u>Exhibit 8, p. 12</u> leads

23 to the webpage URL of "https://us.aqualung.com/products/impulse-dry-dive-

24 snorkel" shown in the screenshot attached hereto as <u>Exhibit 8, p. 13</u>, showing

25 close up photo images in various colors, pricing, description as "A dry version

26 of the world's best selling scuba diving snorkel", and a large button "Find a

27 Store" for finding purchasing locations, including in this District as detailed

28 further below. Again, hovering the cursor over the "US" icon in the upper right

COMPLAINT FOR PATENT INFRINGEMENT

1   corner activates a drop down menu for switching to webpages of multiple other

2   countries, and clicking on "FR" for France opens up this same page in the

3   Fance headquarters website as shown in Exhibit 8, p. 14 attached hereto, with

4   Google Translate set to English.

5   90. On information and belief, Exhibit 8, p. 15 attached hereto shows a screenshot

6   taken when scrolling further down the same France URL

7   "https://fr.aqualung.com/products/impulse-dry-dive-snorkel", which confirms,

8   under "Product Details", that the infringing Aqualung IMPULSE DRY – Dive

9   Snorkel was recently redesigned to a new version, but only with irrelevant

10  changes to other parts of the snorkel, and no changes to design around or even

11  attempt to design around the previously noticed infringement of specific claims

12  in the '276 Patent for the dry top portion, by stating, with Google Translate set

13  to English, "Product Details ... The *new* IMPULSE DRY ... *we've redesigned it*

14  *with a curved shape* for ease of use *and a push button closure for attaching* it to

15  your mask strap ...".  (Emphasis added.)

16  91. On information and belief, such redesign of other parts of the snorkel, but no

17  redesign of the previously noticed infringing portions of the snorkel, despite the

18  highly detailed prior notice in Exhibits 1, 3 and 4, demonstrates further

19  evidence of willful infringement of the asserted '276 Patent.

20  92. On information and belief, because Aqualung had detailed notice of the '276

21  Patent, Exhibits 1, 3 and 4, Aqualung knew or should have known that there

22  was an objectively high risk of infringement, yet continued to infringe despite

23  such notice and risk.

24  93. On information and belief, Aqualung also knew or should have known that

25  there was an objectively high risk of infringement because the 2/19/2020 Notice

26  (Exhibit 4) provided comparisons of specific Claims and Claim terms in the

27  '276 Patent together with detailed diagrams using photos of the Infringing

28  Aqualung Dry Snorkels, including the infringing IMPULSE DRY – Dive

COMPLAINT FOR PATENT INFRINGEMENT

1   Snorkel, to not only support an objectively high risk of direct infringement,

2   contributory infringement and/or inducement to infringe, but also support an

3   objectively high risk of such infringement under the doctrine of equivalents,

4   because the Infringing Aqualung Dry Snorkels and the asserted Claims perform

5   substantially the same functions in substantially the same ways to obtain the

6   same results, and/or that any alleged differences, which Aqualung has failed to

7   even allege, are insubstantial as asserted by Plaintiff and confirmed by the '276

8   Patent.

9   94. On information and belief, Aqualung also knew or should have known that

10  there was an objectively high risk of infringement because the 2/19/2020 Notice

11  specifically illustrates in <u>Exhibit 4, p. 5, Fig. 1</u> attached hereto, that the

12  connection point in the diagram of Fig. 1 for the Infringing Aqualung Dry

13  Snorkels is described with hinging pins fitting into hinging holes in the cover is

14  fully encompassed by the asserted Claim 2 cited on page 6 which states "said

15  cover member and said first end together forming a snorkel top member" and

16  "said moveable member being pivotally connected to at least one portion of

17  said snorkel top member" so as to enable coverage to the cover only, the first

18  end only, or both, and while not required, the detailed explanation further cited

19  specific supporting sections in the description stating "Hinge member 48 may

20  be connected to upper portion 34 in any suitable manner ... may be connected in

21  any suitable manner to cover 33 and not directly connected to conduit 22".

22  Numerous other detailed and diagrammed comparisons are provided together

23  with multiple asserted Claims.

24  95. On information and belief, Aqualung also knew or should have known that

25  there was an objectively high risk of infringement because the 2/19/2020 Notice

26  provided extensive Fed. Cir. case law citations, including on <u>Exhibit 4</u>, pp. 13-

27  19, supporting asserted rules of claim construction, including but not limited to,

28  requirements for applying the broad full scope of ordinary meanings for each

COMPLAINT FOR PATENT INFRINGEMENT

1   claim term, precluding narrower or more limited constructions of such terms

2   that are less than the full scope and breadth of ordinary meanings, precluding

3   adding limitations or reading limitations into such terms that are not expressly

4   so limited, precluding claims and claim terms from being limited to preferred

5   embodiments and drawing figures, and precluding reading limitations of

6   embodiments in the written description into claim terms, absent clear and

7   explicit disavowal of broad scope of ordinary meanings of such claim terms,

8   including specific citations to the specification supporting no explicit disavowal

9   of full broad meanings in accordance with cited Fed. Cir. cases, wherein such

10  supported assertions of full broad scope of plain meanings to claim terms, to

11  communicate an objectively high risk of infringement by literal infringement

12  and/or under the doctrine of equivalents.

13  96. On information and belief, such continued infringement, after detailed notice,

14  and even during and after an intentional redesign by Aqualung of such

15  Infringing Aqualung Dry Snorkel that did not even attempt to design around the

16  '276 Patent, coupled with a refusal to fulfill a written email promise to provide

17  a response from Aqualung's legal counsel to the 2/19/2020 Notice per Exhibits

18  1, 3 and 4, as well as Aqualung's further refusal to provide any subsequent

19  response at all, has been and continues to be willful, deliberate, and intentional,

20  to not only support willful infringement, but also to support enhanced damages

21  and other relief.

22  97. On information and belief, Exhibit 8, p. 15 also states, with Google Translate

23  set to English, "Features ... fast response valve ... *Our patented* IMPULSE DRY

24  valve is forward-facing to close faster.  This prevents water infiltration and

25  eliminates the need to vent fluid from the snorkel" (emphasis added); however,

26  Plaintiff explained with facts and Fed. Cir. case law citations in pages 3 and 4

27  of the 2/19/2020 Notice (Exhibit 4, pp. 3-4) to demonstrate that Aqualung has

28  long been on notice that allegedly having its own patent cannot provide a

COMPLAINT FOR PATENT INFRINGEMENT